EASTERLY, Associate Judge,
concurring:
I agree that Ms. Falconi-Sachs adequately pled a claim of unjust enrichment and that the trial court’s 12(b)(6) dismissal was thus in error. Moreover, I share the court’s skepticism that the voluntary payment-doctrine has any application to this case. Particularly in the landlord-tenant context, it seems inappropriate to endorse the legal fiction that a tenant “knowingly” waives her rights to challenge illegal fees or assumes the risk of paying illegal fees when she sign's a standard form contract, drafted by a landlord, that contains unenforceable penalty' provisions. Instead it seems advisable to follow the Restatement rule that “a person who renders performance under ap agreement that cannot be enforced against the recipient ... has a claim in restitution against the recipient as necessary to prevent unjust enrichment.” See Restatement (ThiRd) op Restitution & Unjust Eneichment § 81(1); see, e.g., Time Warner Ent. Co. v. Whiteman, 802 N.E.2d 886, 893 (Ind.2004) (following the Restatement (Third) and rejecting application of voluntary payment doctrine to bar plaintiffs’ unjust enrichment challenge to unlawful late fee provision and noting that it would be absurd to allow the commercial defendant “to take financial advantage of its own wrongdoing”).[7] I agree we need’ not definitively decide this, question, but *561 our forbearance should not be mistaken for agreement with the trial court’s premature conclusion that voluntary payment barred Ms. Palconi-Sachs’s unjust enrichment claim.

. The trial court cited two cases to the contrary, BMG Direct Marketing, Inc. v. Peake, 178 S.W.3d 763 (Tex.2005), and Putnam v. Time Warner Cable of Se. Wisc., Ltd., 235 Wis.2d 447, 649 N.W.2d 626 (2002), but there is reason to question the analysis in these decisions. In BMG Direct Marketing, the court purported to agree with the Restatement (Third) (it was reviewing a draft of the edition eventually published in 2011), but then endorsed an artificial awareness-of-risk rule of the exact sort the Restatement disap *561 proved. It opined that "when a person pays a late fee knowing its amount and the circumstances under which it would be-imposed”— but not how it is calculated or whether it is legal — "that person pays in the face of a recognized uncertainty sufficient to satisfy the voluntary-payment rule’s full-knowledge requirement.” 178 S.W.3d at 774. In Putnam, the court cited only to' the Restatement (First) of Restitution (Am. Law Inst.- 1937) and grounded its' conclusion that voluntaiy payment of late fees could bar a claim for restitution in a mistake-of-law analysis that the Restatement (Third) has since disapproved. 649 N.W.2d at 631-37.